## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 23 2021, 8:25 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
|---|---|
| Justin Camper<br>Justin Camper Law, LLC<br>Highland, Indiana | Michael A. Sarafin<br>Jennifer M. Carpenter<br>Johnson & Bell, P.C.<br>Merrillville, Indiana<br><br>Jewell Harris, Jr.<br>Tramel R. Raggs<br>Harris Law Firm, P.C.<br>Crown Point, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| 624 Broadway, LLC and Nations, LLC,<br>*Appellants-Plaintiffs,*<br><br>v.<br><br>Gary Housing Authority,<br>*Appellee-Defendant* | March 23, 2021<br>Court of Appeals Case No. 20A-SC-1021<br>Appeal from the Lake Superior Court<br>The Honorable Aleksandra Dimitrijevic, Judge<br>Trial Court Cause No. 45D12-1910-SC-6885 |

**Vaidik, Judge.**

Exhibit 1
7 pages

# Case Summary

[1] 624 Broadway, LLC ("Broadway") and Nations, LLC ("Nations") appeal the trial court's entry of judgment for Gary Housing Authority ("GHA") in a dispute over property possession, asserting the court lacked subject-matter jurisdiction. We agree and reverse and remand.

# Facts and Procedural History

[2] In January 2019, Broadway purchased the property at 624 Broadway Avenue in Gary. Nations, a restaurant, then leased the building from Broadway. In September, GHA obtained title to the property via eminent domain. On October 16, Broadway, represented by counsel, sued GHA in the Civil Division of Lake Superior Court, challenging the eminent-domain process.[1] A few days later, GHA indicated to Broadway it intended to take "possession of the property" within the week despite the pending litigation and requested Broadway cooperate with the "transition." Appellants' App. Vol. II pp. 40, 41. This prompted Broadway and Nations, pro se, to file another suit against GHA, this time in the County Division of Lake Superior Court on the small-claims docket, asking the court to issue an emergency possessory order to prevent GHA from "engag[ing] in wrongful eviction." *Id.* at 9. The following month, GHA filed an answer and counterclaim in the small-claims court, denying

---

[1] The case is still pending in the Civil Division of Lake Superior Court.

Broadway and Nations' allegations and requesting the court grant it "immediate possession" of the property and eject Broadway and Nations. Appellee's App. Vol. II p. 74. GHA also asserted the property was worth approximately $75,000.

[3] A hearing was held on December 3, when Broadway and Nations had obtained counsel. Broadway and Nations submitted an "oral motion" asking the court to transfer and consolidate this case with the pending Civil Division case or to dismiss this case due to lack of subject-matter jurisdiction. Tr. Vol. III pp. 4, 8. GHA argued Broadway and Nations, as the plaintiffs, chose where to sue and any dismissal or transfer would prejudice GHA by further delaying proceedings. Broadway and Nations acknowledged they had filed the case in small-claims court but asserted this was a mistake because they did not have counsel at the time. The court took the matter under advisement.

[4] In January 2020, the court found GHA to be "the legal owner of the property" and ordered Broadway and Nations to vacate. Appellants' App. Vol. II p. 8. The court also rejected Broadway and Nations' claim that it did not have subject-matter jurisdiction, finding Broadway and Nations "initiated [the] claim" and cannot now argue the court "has no jurisdiction over said claim." *Id.* Broadway and Nations filed a motion to correct error, which was denied in April 2020.

[5] Broadway and Nations now appeal.

## Discussion and Decision

[6] Broadway and Nations argue "the trial court erred by ruling on this case when it lacked subject matter jurisdiction[.]" Appellants' Br. p. 13. We agree. "To have subject matter jurisdiction, either the Indiana Constitution or a statute must confer authority upon a court." *Hoang v. Jamestown Homes, Inc.*, 768 N.E.2d 1029, 1032 (Ind. Ct. App. 2002) (citation omitted), *trans. denied*. If a court lacks subject-matter jurisdiction, any judgment it makes is void. *Id.* Because void judgments may be attacked directly or collaterally at any time, the issue of subject-matter jurisdiction may be raised at any point by a party or by the court sua sponte. *Vic's Antiques and Uniques, Inc. v. J. Elra Holdingz, LLC*, 143 N.E.3d 300, 309 (Ind. Ct. App. 2020), *trans. denied*. Parties cannot confer subject-matter jurisdiction on a court by consent, nor can the issue be waived. *Fox v. Nichter Const. Co.*, 978 N.E.2d 1171, 1180 (Ind. Ct. App. 2012), *trans. denied*. We review questions of subject-matter jurisdiction de novo. *Vic's Antiques*, 143 N.E.3d at 309.

[7] Indiana Code section 33-29-2-4 "defines the jurisdiction of the small claims docket of Indiana's superior courts." *Id.* The version of the statute in effect during the trial court's proceedings granted the "small-claims docket" jurisdiction to hear these cases:

> (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000). The plaintiff in a statement of claim or the defendant in a counterclaim may waive the excess of any claim

>   that exceeds six thousand dollars ($6,000) in order to bring it
>   within the jurisdiction of the small claims docket.
>
>   (2) Possessory actions between landlord and tenant in which the
>   rent due at the time the action is filed does not exceed six
>   thousand dollars ($6,000).
>
>   (3) Emergency possessory actions between a landlord and tenant
>   under IC 32-31-6.

Ind. Code § 33-29-2-4.[2] GHA contends the case is within the small-claims court's jurisdiction under subsection (3) because GHA's counterclaim requested Broadway and Nations be ejected from the property, and an ejectment action "is a possessory action[.]" Appellee's Br. p. 19. However, subsection (3) requires not only a possessory action, but also a landlord-tenant relationship. GHA does not argue it held a landlord-tenant relationship with Broadway and Nations, nor do we see one. Broadway and Nations did not occupy the property with GHA's consent, nor was there an exchange of consideration. *See* Ind. Code § 32-31-3-10 (stating a tenant is one who occupies a unit with landlord's consent and in exchange for consideration). While the parties may frame the case as an emergency possessory action, that alone does not place it within a small-claims court's jurisdiction. *See Vic's Antiques*, 143 N.E.3d at 308 (small-claims court did not have jurisdiction over eviction case where the relationship between the parties was not that of a landlord and tenant). Because

---

[2] The statute's monetary limitation has since been increased to $8,000, effective July 1, 2020.

there was no landlord-tenant relationship—and none of the other categories in Section 33-29-2-4 apply—the small-claims court did not have jurisdiction.

[8] GHA further argues the jurisdictional limits imposed by Section 33-29-2-4 "do not apply in the Lake Superior Court" because that section applies only to "each superior court that has a standard small claims and misdemeanor division," which "Lake Superior Court does not have." Appellee's Br. p. 17 (formatting altered). We disagree.

[9] Lake County has one superior court with broad general jurisdiction. Ind. Code § 33-33-45-3; *see also In re Adoption of J.T.D.*, 21 N.E.3d 824, 828 (Ind. 2014). This jurisdiction can be limited by statute. *See* Ind Code § 33-33-45-6 (giving the Juvenile Division of the Lake Superior Court "exclusive jurisdiction" over certain cases involving children). Section 33-29-2-4 limits the jurisdiction of certain superior courts and applies to "each superior court that has a standard small claims and misdemeanor division." Ind. Code § 33-29-2-1. A small claims and misdemeanor division has a small-claims docket and a minor-offenses and violations docket. Ind. Code § 33-29-2-2. Lake Superior Court has separate divisions and allocates cases among the divisions according to its local rules. The County Division includes a docket for small-claims cases and minor offenses and violations. *See* Lake County Local Rule 45-A.R.1-01(15) ("The County Division shall have exclusive original jurisdiction of all Small Claims Cases . . . ."); Lake County Local Rule 45-C.R.2.2-1(A)(2)) (stating "ordinance violations, infractions and misdemeanors" filed in the Lake Superior Court "shall be filed in the County Division"). As such, it has a small-claims and

misdemeanor division, and the small-claims docket of Lake Superior Court is within the purview of Section 33-29-2-4. And because this case was filed on the small-claims docket, Section 33-29-2-4's jurisdictional limitations apply.

[10] For these reasons, we reverse the trial court's judgment and remand with instructions to dismiss the small-claims suit. Any remaining issues can be handled in the pending civil case.

[11] Reversed and remanded.

Brown, J., and Pyle, J., concur.

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | )SS: | SMALL CLAIMS DIVISION |
| COUNTY OF LAKE | ) | SITTING IN HAMMOND, IN |

624 BROADWAY LLC AND )
NATIONS, LLC, )
624 BROADWAY, GARY, IN 46402 )
    Plaintiff/Counter-Defendant, )
)
v. )    CAUSE NO.: 45D12-1910-SC-6885
)
GARY HOUSING AUTHORITY, )
)
    Defendant/Counter-Plaintiff. )

**Filed in Open Cou**
**MAR 12 2020**
Lorenzo Arredondo
CLERK LAKE SUPERIOR COURT

## ORDER

This matter coming before the Court on Defendant/Counter-Plaintiff's Motion for Enforcement of the Court's Order of March 3, 2020 and the Court being duly advised therein, finds the motion should be **GRANTED**.

The Plaintiff/Counter-Defendant was ordered to vacate the property at 624 Broadway, Gary, Indiana 46402 by this Court no later than March 10, 2020 and has not done so. Thus, the Sheriff of Lake County or other law enforcement officer within this jurisdiction is ordered to immediately seize the real property and remove that Plaintiff/Counter-Defendant and that Plaintiff/Counter-Defendant's personal property from it. The Sheriff shall then immediately turn over possession of the real property to the Gary Housing Authority. The Sheriff shall also file a written return with this court within five days after any seizure of the property by the Sheriff. These orders to the Sheriff expire thirty days after the entry of the order. This order of possession is final.

SO ORDERED this 12 day of March, 2020.

                                                          _____
                                                          JUDGE/MAGISTRATE

Distribution: All Parties of Record

624 BROADWAY LLC
624 BROADWAY
GARY, IN 46402

NATIONS, LLC
624 BROADWAY
GARY, IN 46402

Exhibit 2
Plaintiff's

STATE OF INDIANA )
) ss:
COUNTY OF LAKE )

IN THE LAKE SUPERIOR COURT
COUNTY DIVISION, ROOM FOUR
HAMMOND, INDIANA

**Filed in Open Court**

MAR 03 2020

*Lorenzo Arredondo*
CLERK LAKE SUPERIOR COURT

624 BROADWAY LLC, NATIONS LLC )
PLAINTIFF )
)
V. )                    CAUSE # 45D12-1910-SC-006885
)
GARY HOUSING AUTHORITY )
DEFENDANT )

### ORDER

The Court, having reviewed all of the evidence, now finds as follows:

The Plaintiff (624 Broadway LLC, Nations LLC) herein referred to as "Broadway" filed suit on October 23, 2019, alleging wrongful eviction. Defendant (Gary Housing Authority) herein referred to as "GHA" filed a countersuit seeking immediate possession of the property located at 624 Broadway Avenue in Gary, Lake County, Indiana. "Broadway" also filed suit in Lake Superior Court, Civil Division, Room Six, challenging the finding that the "GHA" is the legal owner of the property.

The first issue is to determine who is the rightful owner of the property. There seems to be no doubt as both parties have indicated that "GHA" is the current legal owner of the property. Although "Broadway" has challenged that finding, a determination has been made that "GHA" holds legal claim to the property in question. Based upon the evidence presented, this Court also finds "GHA" to be the legal owner of the property.

The next issue is whether "GHA" can proceed with an eviction. As owner of said property, "GHA" has the right to seek removal of "Broadway" from the property.

"Broadway" filed suit and argues that there are pending actions in two separate courts. "Broadway" argues that this Court does not have the authority to hear the action. The Plaintiff initiated his claim and now wants to make the argument that this Court has no jurisdiction over said claim. The Plaintiff, by his own actions, is seeking to hinder the judicial process. He cannot use his claim as both a sword and a shield.

The Court recognizes that "GHA" is deemed to be the rightful owner of the property located at 624 Broadway Avenue in Gary, Lake County, Indiana. "Broadway" is hereby ordered to vacate the premises within seven (7) days of this order.

SO ORDERED this 3nd day of March, 2020.

*Aleksandra Dimitrijevic*
ALEKSANDRA DIMITRIJEVIC
JUDGE

Exhibit 3

# STATE OF INDIANA
## EXECUTIVE DEPARTMENT
## INDIANAPOLIS

EXECUTIVE ORDER  20-06

FOR:  TEMPORARY PROHIBITION ON EVICTIONS AND FORECLOSURES

TO ALL WHOM THESE PRESENTS MAY COME, GREETINGS:

WHEREAS, on March 6, 2020, I issued Executive Order 20-02, which declared that a public health emergency exists in our State as a result of the coronavirus disease 2019 ("COVID-19"), and, since that time, this virus has spread to 19 counties and caused several deaths;

WHEREAS, on March 11, 2020, the World Health Organization declared COVID-19 to be a global pandemic;

WHEREAS, on March 13, 2020, the United States President declared a national emergency in connection with the COVID-19 pandemic;

WHEREAS, despite significant steps taken in our State and nationwide, this virus remains a serious threat to the health, safety, and welfare of all residents of Indiana, and further efforts are needed to address, control, and reduce the threat presented by COVID-19;

WHEREAS, the adverse economic impacts of COVID-19 in our State include, for example, layoffs, loss of work and income for a growing number of Hoosiers, hindering their ability to pay their rents and mortgages, which could potentially result in creditors or landlords initiating foreclosure or eviction proceedings to remove them from their homes;

WHEREAS, many Hoosiers, including those at high-risk and most vulnerable to COVID-19 are remaining in their homes in order to reduce their likelihood of contracting this virus and/or transmitting it to others, which is helping to contribute to the public safety and welfare of our State and its continuing efforts to contain, slow, and reduce the spread of COVID-19;

WHEREAS, in connection with future efforts to treat, prevent, or reduce the spread of this dangerous virus, it may become medically necessary and reasonable to require individuals to remain in isolation or quarantine at their homes or to otherwise remain indoors;

WHEREAS, to avoid the serious health, welfare, and safety consequences that may result if Hoosiers are evicted or removed from their homes during this emergency, it is reasonable and necessary to suspend laws relating to real property (including breach of leases and mortgages, etc.), to control the occupancy of premises in the disaster area (entire State of Indiana), and to impose a moratorium on both evictions and foreclosures; and

WHEREAS, on March 18, 2020, the United States President announced the Department of Housing and Urban Development ("HUD"), in an effort to provide immediate relief to renters and homeowners, will temporarily suspend all foreclosures and evictions, with similar actions being taken by many states, including Kansas, Louisiana, New Hampshire, Maryland and California;

WHEREAS, as Governor, I have broad authority and powers, under Indiana law, to declare and respond to public health emergencies on behalf of our State, including, but not limited to: (a) making, amending, and rescinding the necessary orders, rules, and regulations to carry out Indiana's Emergency Management and Disaster Law, Ind. Code § 10-14-3-11(b)(1); (b) suspending the provisions of any regulatory statute prescribing the procedures for conduct of state business,

1

EXHIBIT 4  2 PAGES

or the orders, rules, or regulations of any state agency if strict compliance with any of these provisions would in any way prevent, hinder, or delay necessary action in coping with the emergency, Ind. Code § 10-14-3-12(d)(1); and (c) controlling the occupancy of premises in the disaster area, Ind. Code § 10-14-3-12(d)(7);

**WHEREAS,** in light of the above, it is necessary and proper to take further actions to protect the health, safety, and welfare of all Hoosiers in connection with the continuing and evolving threat posed to public health by COVID-19;

**NOW, THEREFORE,** I, Eric J. Holcomb, by virtue of the authority vested in me as Governor by the Indiana Constitution and the laws of the State of Indiana, do hereby order that:

1. No eviction or foreclosure actions or proceedings involving residential real estate or property, whether rental or otherwise, may be initiated between the period from the date of this Executive Order until the state of emergency has terminated; and any applicable statute in connection therewith is hereby suspended for any such actions or proceedings as described above. In addition, and notwithstanding the foregoing, any applicable rule or regulation in connection therewith is hereby rescinded for any such actions or proceedings as described above for the duration of the state of emergency.

2. No provision contained in this Executive Order shall be construed as relieving any individual of their obligations to pay rent, to make mortgage payments, or to comply with any other obligation(s) that an individual may have under a tenancy or mortgage.

3. All public housing authorities located in our State are hereby requested to extend deadlines for housing assistance recipients or applicants to deliver records or documents pertaining to their eligibility for programs, to the extent, however, that those deadlines are within the discretion of said housing authority(ies).

4. The Indiana Department of Financial Institutions, along with the Indiana Housing & Community Development Authority, are hereby directed to immediately engage with financial institutions to identify any tools, means, or methods that could be utilized to afford Hoosiers relief from the threat of residential foreclosure, and to otherwise promote housing stability during this state of emergency, in furtherance of the objectives of this Executive Order.

5. Nothing in this Executive Order shall, in any way, restrict state or local authority to order any quarantine, isolation, and/or other public health measures that may require an individual to remain inside a particular residential property during this public health emergency.

This Executive Order is a supplement to, and deemed to be part of Executive Order 20-02, and, therefore, shall expire at the same time as Executive Order 20-02, unless extended.

IT IS SO ORDERED.

IN TESTIMONY WHEREOF, I, Eric J. Holcomb, have hereunto set my hand and caused to be affixed the Great Seal of the State of Indiana, on this 19th day of March, 2020.

Eric J. Holcomb
Governor of Indiana

ATTEST: Connie Lawson
Secretary of State