UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA

JOHN ALLEN, PLAINTFF

v.                                                                                  Civil Action No. 2:22CV58

ALEKSANDRA DIMITRIJEVIC AND
OSCAR MARTINEZ Jr. Defendants

PLAINTIFFS DESIGANTED EVIDENCE

As evidence designated to support motion Plaintiff's Motion to Disqualify Counsel Jewell Harris Jr.

Plaintiff offer:

EXHIBIT 2 email dated April 30, 2019 one page

EXHIBIT 3 COPY OF MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER DATED 12/19/2019

FILED IN LAKE COUNTY SUPERIOR COURT 8 PAGES

EXHIBIT 4 NWI Times news paper article 3 pages

EXIBIT 5 LETTER FROMM ATTORNEY SARKISIAN TO PLAINTIFF DATED JUNE 10, 2020 2 PAGES.

**From:** foodyscarryout <foodyscarryout@gmail.com>
**Sent:** Tuesday, April 30, 2019 11:30 AM
**To:** Joi Whiteside; Karla Henderson
**Cc:** hsmith7307; Karen Freeman-Wilson; Terry Mims; J Marsh; Ronald Brewer; brian@voltestrategy.com; AJ Bytnar; Jewell Harris; Gregory L. Thomas; Vanessa Williams; Anissa Smith
**Subject:** RE: John Allen and 624 Broadway Gary IN

Please, everyone I appreriate your efforts to get involved, however, again our concern and desire is to simply access our govetmment on May 8th 2019 and pursue our "special use permit " through normal process unobstructed like everyone else. As for the issue of eminent domain and any matters related to that, I would only speak  directly to Julian Marsh GHA Executive Director and Mayor Freeman. ATTORNEYS or other concerned officials or role players in this matter are welcome to make comments, questions etc. at the May 8th 2019 hearing or contact our attorney Kuchel at 219-322-0101. We thank you all and look forward to being on the agenda May 8th 2019 and note we appretiate how fast Mayor Freeman effort to sit down with me was made. John Allen 219-716-0700

Sent via the Samsung Galaxy S8+, an AT&T 5G Evolution capable smartphone

PH. EX. 2

| | | |
|---|---|---|
| STATE OF INDIANA | ) )SS: | IN THE LAKE SUPERIOR COURT CIVIL DIVISION, ROOM SIX |
| COUNTY OF LAKE | ) | SITTING IN CROWN POINT, IN |

624 BROADWAY, LLC AND )
JOHN ALLEN, )
      Plaintiffs, )
v. ) Cause No.: 45D10-1910-CT-001085
GARY HOUSING AUTHORITY )
AND THE CITY OF GARY, )
      Defendants. )

## MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER

*COMES NOW* Defendant Gary Housing Authority, by and through counsel Tramel R. Raggs of Harris Law Firm, and moves this Court to issue a Temporary Restraining Order pursuant to Indiana Trial Rule 65(B). In support of the motion, Defendant offers the following:

1. Defendant Gary Housing Authority is the owner of record of the property located at 624 Broadway in Gary, Indiana.

2. Defendant Gary Housing Authority has been the owner of record of the property located at 624 Broadway in Gary, Indiana since September 30, 2019.

3. Defendant Gary Housing Authority has no contractual relationship with any entity, including Plaintiff 624 Broadway LLC or Plaintiff John Allen, to use the property at 624 Broadway in Gary, Indiana.

4. Defendant Gary Housing Authority has not authorized any entity to use the property located at 624 Broadway in Gary, Indiana.



Plt. Ex. 3   8 pages

1

5. Despite this fact, Plaintiff 624 Broadway LLC, Plaintiff John Allen, or associated entities continue to occupy and use the space at 624 Broadway in Gary, Indiana for public events.
6. On or about December 14, 2019, 624 Broadway, John Allen, or associated entities used the property at 624 Broadway in Gary, Indiana for an event that was open to the public.
7. Taryl Bonds, employee of Gary Housing Authority, witnessed the event.
8. On or about December 15, 2019, 624 Broadway, John Allen, or associated entities used the property at 624 Broadway in Gary, Indiana for an event that was open to the public.
9. Defendant Gary Housing Authority has reason to believe that, without Court intervention, 624 Broadway LLC, John Allen, or associated entities will continue to use the property at 624 Broadway in Gary, Indiana without the authorization of Defendant Gary Housing Authority.
10. Use of the property by Plaintiffs and associated entities constitute a continuing trespass to property owned by Defendant Gary Housing Authority.
11. Use of the property by Plaintiffs and associated entities constitutes a potential danger to the public.
12. Use of the property by Plaintiffs and associated entities constitute an improper exposure of liability to Gary Housing Authority.
13. Pursuant to Ind. Trial Rule 65(B)(1), the actions by Plaintiffs and associated parties which present a potential danger to the public, improperly expose Defendant Gary Housing Authority to liability, and constitute a continuing trespass constitute an immediate and irreparable injury, loss, and/or damage.

14. Pursuant to Ind. Trial Rule 65(B)(2), counsel for the Gary Housing Authority has contacted counsel for Plaintiff via phone and advised them of the intention to file the temporary restraining order, the intention to seek the time limited order and the intention to coordinate with all counsel a date for a preliminary injunction hearing.

15. Counsel for Gary Housing Authority has electronically sent a copy of this motion to counsel for Plaintiffs prior to the filing of the document.

WHEREFORE Defendant Gary Housing Authority prays this honorable court will issue an ex-parte temporary restraining order to restrain any parties from entering or using the premises at 624 Broadway for the sooner of ten (10) days or until a preliminary injunction hearing can be scheduled, set this matter for hearing for preliminary injunction, and for all other relief just and proper under the circumstances.

Dated this 19th day of December, 2019.

Respectfully submitted,

*/s/Tramel R. Raggs*
Tramel R. Raggs, #34355-45
Harris Law Firm, P.C.
11410 Broadway
Crown Point, IN 46307
(219) 661-1110 (phone)
(219) 661-1118 (fax)
traggs@harrislawfirmpc.net

3

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I did deliver a copy of this filing to all parties of record through the Indiana E-File system this 19th day of December, 2019.

*/s/Tramel R. Raggs*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | )SS: | CIVIL DIVISION, ROOM SIX |
| COUNTY OF LAKE | ) | SITTING IN CROWN POINT, IN |

| | |
|---|---|
| 624 BROADWAY, LLC AND JOHN ALLEN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Cause No.: 45D10-1910-CT-001085 |
| ) | |
| GARY HOUSING AUTHORITY AND THE CITY OF GARY, ) ) ) | |
| Defendants. ) | |

## AFFIDAVIT

*COMES NOW* the undersigned and, being first duly sworn and put upon his oath, now swears and affirms under the penalties of perjury as follows:

1. I am currently an employee of the Gary Housing Authority and have been for greater than one year.

2. In my capacity of employment at the Gary Housing Authority, I am the Deputy Executive Director.

3. In this employment capacity, I am familiar with the properties that the Gary Housing Authority owns as well as it's authorization of use for those properties.

4. Gary Housing Authority is the owner of record of 624 Broadway in Gary, Indiana and has been since September 30, 2019.

5. On December 14, 2019, I passed the premises at 624 Broadway in Gary, Indiana and observed it open for a function for the general public.

6. I was made aware of an advertisement for the premises to be open for the general public on December 15, 2019 in addition to the December 14, 2019.

1

7. The Gary Housing Authority has not authorized anyone to use the space at 624 Broadway in Gary, Indiana.

8. In my capacity as Deputy Executive Director for the Gary Housing Authority, I have learned there are no city inspections for electrical, plumbing, HVAC, or general final inspections for the property located at 624 Broadway.

9. In my capacity as Deputy Executive Director for the Gary Housing Authority, I have learned there are no Certificates of Occupancy issued for 624 Broadway.

10. Use of the property at 624 Broadway for any functions presents a substantial liability to Gary Housing Authority as the owner of record.

11. Use of the property at 624 Broadway for any functions presents a substantial risk to the public due to the lack of inspections by the City.

12. I have substantial reason to believe that these functions are being held by Plaintiffs or associated entities who are aware that they are not the owners of record of the propery.

13. I have substantial reason to be believe that these functions are being held by Plaintiffs or associated entities who are aware of the lack of inspections and certificates of occupancy.

14. I have substantial reason to believe that, without court intervention, Plaintiffs or associated entities will continue to put Gary Housing Authority and the public at risk from use of the property.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Signature

Taryl Bonds
Printed Name

December 19, 2019
Date

2

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION, ROOM FIVE |
| COUNTY OF LAKE | ) | SITTING AT HAMMOND, INDIANA |

Filed in Open Court

624 BROADAY, LLC, and
JOHN ALLEN,
    Plaintiffs,

JAN 2 3 2020

*Lorenzo Arredondo*
CLERK LAKE SUPERIOR COURT

vs.

GARY HOUSING AUTHORITY and      CAUSE NO. 45D05-1910-CT-001085
THE CITY OF GARY,      STEPHEN E. SCHEELE, SPECIAL JUDGE
    Defendants.

## HEARING MINUTES/ORDER OF JANUARY 22, 2020, and ORDER DENYING MOTION TO CORRECT ERRORS AND MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to this Court's Order of 01/14/2020, this matter is before the Court for a hearing on all pending matters. Plaintiffs, 624 Broadway, LLC, and John Allen are present in person (by way of John Allen) and with Attorneys James L. Clement and Tracy A. Coleman. Defendant, City of Gary, is present by Attorney Rodney Pol, Jr. Defendant, Gary Housing Authority, appears by Attorney Latrell Raggs.

The parties advise that they have momentarily resolved a number of the contested motions currently before the court. The parties advise of their agreements, which will be memorialized in a written Stipulation for Amended Complaint to be filed by the parties before the end of the week. At the request of all parties, the Court enters the parties' proposed form Order on Stipulation for Amended Complaint. OPF.

As a result of the parties' stipulations and/or upon request and without objection from any parties, the following motions and/or filings are hereby WITHDRAWN and will not be further considered by the Court:

*     *Partial Motion to Dismiss Plaintiffs' Complaint Against Defendant Gary Housing Authority* as filed by the Gary Housing Authority on 11/15/2019;

1

*624 Broadway, LLC, et.al. -v- City of Gary, et.al.*          Cause No. 45D05-1910-CT-001083

* *Motion to Dismiss Plaintiffs' Complaint Against Defendant City of Gary* as filed by the City of Gary on 11/19/2019;

* *Amended Verified Complaint* as filed by the Plaintiffs on 11/21/2019;

* *Motion to Strike Amended Complaint* as filed by the Gary Housing Authority on 11/22/2019;

* *Motion for Stay on Defendant GHA and Defendant City of Gary's Motion to Dismiss and Defendant GHA's Motion to Strike* as filed by the Plaintiffs on 12/02/2019; and

* *Motion for Leave to File an Amended Complaint* as filed by the Plaintiffs on 12/02/2019.

Remaining before the Court are the *Motion to Correct Errors* as filed by the Plaintiffs on 11/18/2019 and the *Motion for Temporary Restraining Order* as filed by the Gary Housing Authority on 12/19/2019.

After due consideration of the record and written and oral arguments of the parties, the *Motion to Correct Errors* as filed by the Plaintiffs on 11/18/2019 is hereby DENIED on its merits.

After due consideration of the record, evidence presented by the parties and arguments of counsel, the *Motion for Temporary Restraining Order* as filed by the Gary Housing Authority on 12/19/2019 is hereby DENIED.

Leave is granted for the Plaintiffs to file their renewed Amended Complaint by or before 02/05/2020. A Status Hearing is now SET for **April 8, 2020, at 1:30 p.m.**

    SO ORDERED: January 22, 2020

                                                             STEPHEN E. SCHEELE, SPECIAL JUDGE

**Clerk: Trial Rule 72 Notice**

2

**G**ARY — The city's housing authority is asking a judge for a temporary restraining order to keep John Allen, restaurant operator, and his associates from "trespassing" onto 624 Broadway in downtown Gary while the courts determine true ownership of the property.

The Gary Housing Authority used a lesser known eminent domain proceeding to take possession of the property Sept. 30 for a redevelopment project in the 600 block of Broadway, records show.

GHA obtained 624 Broadway after its board passed a resolution, gave notice in the local newspaper, filed a deed transfer with the county, and took other necessary steps, including hosting a public hearing, bypassing the need for a court order, according to Tramel Raggs, attorney for GHA.

This method is allowed under state law, Raggs has argued.

Allen has argued GHA's method, absent a court order, is "illegal," and that GHA is wrongfully claiming the building is unsafe and must be demolished. He said GHA has failed to take into account restaurant renovations that make the building ready for business, records show.

In asking for a temporary restraining order, GHA states Allen hosted events Dec. 14 and 15 that were open to the public and will continue hosting events without GHA's authorization sans the court order, records show.

Use of the property by plaintiffs and associated entities constitutes a continuing trespass, a potential danger to the public, and an improper exposure of liability, GHA alleges.

Allen is arguing 624 Broadway LLC should be considered the current owner of the building as the courts proceed with the case because the "change of ownership, as done by the Gary Housing Authority, is implausible and problematic enough ..."

Allen also argued in court that the restaurant building is worth $325,000, and that the building owners deserve that amount in compensation from the Gary Housing Authority.

## People are also reading...

1. WATCH NOW: Pair charged with murder after tortured 3-year-old dies, police say
2. Woman faces up to 12 years in 'execution-style' killings of 2 teens
3. Child in critical condition after repeatedly being beaten, bound, courts allege
4. WATCH NOW: McDermott fires up joint in Senate campaign ad calling for legal pot

Allen has told The Times GHA has little to show for its future plans for the block, whereas his business would put people to work and generate tax revenue for the city now.

Allen said the economically depressed city is severely lacking in sit-down restaurants in the downtown area and Nations could be part of the revitalization of the Broadway corridor.

Earlier this year, the Gary Housing Authority attempted to take the property through eminent domain action in the courts March 14, but moved to dismiss July 26. It was revealed in court last month that GHA quietly obtained 624 Broadway in September, bypassing the need for a court order.

A hearing to address GHA's request for a temporary restraining order is set for 1 p.m. Jan. 7.

---

IN THIS SERIES

# 5 important stories you need to know from yesterday: NIPSCO fined $1 million for discriminating against 1,500-plus female, black job candidates, court records show

Updated Jun 15, 2020
NIPSCO fined $1 million for discriminating against 1,500-plus female, black job candidates, court records show

Updated Jun 15, 2020
Prince announces restructuring, new lineup of department heads at Gary City Hall

Updated Jan 22, 2020
UPDATE: East Chicago council votes to roll back firefighters' shift changes

˅ 5 updates

‹ Previous | Next ›

## By Lauren Cross

### North Lake County Reporter

Lauren covers North Lake County government, breaking news, crime and environmental issues for The Times. She holds a master's degree in Public Affairs Reporting from UIS. Contact her at lauren.cross@nwi.com or 219-933-3206.



# SARKISIAN
## LAW OFFICES
### INJURY ATTORNEYS

A. Leon Sarkisian*
A. James Sarkisian*
*Admitted in Indiana & Illinois

Merrillville: (219) 942-7171
Valparaiso: (219) 477-3998
Fax: (219) 942-7101

June 10, 2020

John Allen
3544 Van Buren St.
Gary, IN 46408

Re: Commercial Real Estate Eviction

Mr. Allen:

    This correspondence acknowledges receipt by Sheriff Oscar Martinez of your June 1, 2020 letter that was also addressed to Judge Marissa J. McDermott and Judge John M. Sedia.

    You are correct when you point out that Governor Eric Holcomb entered *Executive Order 20-06* entitled "Temporary Prohibition On Evictions And Foreclosures." Rhetorical paragraph 1 of Governor Holcomb's *Executive Order 20-06* provides in pertinent part as follows:

> "No eviction or foreclosure actions or proceedings involving ***residential real estate or property***, whether rental or otherwise, may be initiated between the period from the date of this Executive Order until the state of emergency has terminated . . ." [See: **Executive Order 20-06, page 2, rhetorical paragraph 1, enclosed herewith and marked Exhibit 1**, *emphasis added*].

    Governor Holcomb's *Executive Order 20-06* makes clear that the intent of that Executive Order was to protect all people living in residential real estate in this State from being evicted, displaced and left with no place to live during the Covid-19 emergency.

    There is nothing more important to Sheriff Martinez than the health and safety of all of those living in Lake County, Indiana. Accordingly, it was in that spirit that Sheriff Martinez also issued a Moratorium preventing the eviction of any persons living in residential real estate in Lake County. Sheriff Martinez likewise wanted to be certain that nobody living in residential real estate in Lake County would be evicted, displaced and left with no place to live during the Covid-19 emergency.

    There is no dispute that the real estate involved in this eviction is commercial real estate. It is therefore clear that neither Governor Holcomb's *Executive Order 20-06* nor Sheriff Martinez' Moratorium applied to this eviction because the real estate involved is commercial

*Plt. Ex. 5 2 pages*



real estate, and not residential real estate. For that reason, the eviction that occurred in your case was not subject to either the Executive Order or the Moratorium.

As you can see, since neither the Executive Order nor the Moratorium applied to the eviction involving this commercial real estate, no "exception" was made to allow for this eviction involving your business. Instead, proper notice was provided, and the Lake County Sheriff's Office performed its duty as required by law.

It also must be emphasized that as long as Sheriff Martinez is the Sheriff of Lake County, he will *never* allow his department to be "weaponized" as you have characterized in your letter. Sheriff Martinez, and all of his officers and civilian staff, are dedicated to the principle that the duties of the Lake County Sheriff's Office will be performed in strict accordance with the law of the State of Indiana, the highest ethical standards and without influence or favor.

This correspondence has been an attempt to explain to you why your commercial real estate was not subject to either Governor Holcomb's Executive Order or Sheriff Martinez' Moratorium. Should you have any further questions in this regard, please feel free to direct them to me in my Merrillville office.

Yours truly,
**SARKISIAN LAW OFFICES**
Counsel to the Lake County Sheriff's
Civil Division

By: A. Leon Sarkisian

ALS/rej
Enclosure

xc/encl: Oscar Martinez, Lake County Sheriff
Hon. Marissa J. McDermott, Judge, Lake Circuit Court
Hon. John M. Sedia, Judge, Lake Superior Court, Room One
Deputy Commander Lessie Evans Smith, Lake County Sheriff's Office, Civil Division