UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN ALLEN,<br><br>                Plaintiff,<br><br>      v.<br><br>ALEKSANDRA DIMITRIJEVIC and<br>OSCAR MARTINEZ, JR.,<br><br>                Defendants. | CAUSE NO.: 2:22-CV-58-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion in Objection to Findings, Report, and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 48] filed by pro se Plaintiff John Allen on February 6, 2023. For the reasons set forth below, the Court overrules the Plaintiff's Objection and adopts the Findings, Report, and Recommendation of United States Magistrate Judge Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C) [ECF No. 47], grants the Motions to Dismiss [ECF Nos. 15, 17], and dismisses the Plaintiff's Complaint [ECF No. 1] with prejudice for the reasons discussed below.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 11, 2022, the Plaintiff, acting pro se, filed his Complaint seeking damages from Indiana small claims court Judge Aleksandra Dimitrijevic and Lake County Sheriff Oscar Martinez. The Plaintiff alleges that, in an effort to gain control over property the Plaintiff alleges he owns, 624 Broadway LLC, in Gary, Indiana, the Plaintiff sued Gary Housing Authority in small claims court after Gary Housing Authority conducted an "administrative taking" of the property. Compl. 2–3, ECF No. 1. Defendant Judge Dimitrijevic ultimately found Gary Housing Authority owned the property and ordered the Plaintiff to vacate the premises, and Defendant

Sheriff Martinez carried out the eviction order. *Id.* at 3. The Indiana Court of Appeals later vacated Defendant Judge Dimitrijevic's order, finding the small claims court lacked subject matter jurisdiction over the dispute. Pl. Ex. 1, 4–7, ECF No. 1-1. On May 5, 2022, the Defendants each filed Motions to Dismiss [ECF Nos. 15, 17], alleging the Plaintiff's lawsuit was barred, among other reasons, by absolute judicial immunity as to Judge Dimitrijevic, by sovereign immunity as to Sheriff Martinez, and by the *Rooker-Feldman* doctrine as to the events giving rise to the Plaintiff's small claims court suit. Mem. 1, ECF No. 16; Mem. 2, ECF No. 18. On December 12, 2022, this Court entered an Order referring the Defendants' two motions to dismiss to Magistrate Judge John Martin pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b). ECF No. 43. On January 20, 2023, Magistrate Judge Martin issued his Report and Recommendation recommending that the Court to grant the Defendants' Motions to Dismiss and dismiss the case.[1] On February 6, 2023, the Plaintiff filed an objection to Magistrate Judge Martin's Report and Recommendation. Neither Defendant has filed a response, and the time to do so has passed. This matter is ripe for ruling.

## ANALYSIS

The Court's review of a Magistrate Judge's Report and Recommendation conducted pursuant to by 28 U.S.C. § 636(b)(1)(B) is governed by 28 U.S.C. § 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] The Opinion and Order containing Magistrate Judge Martin's Report and Recommendation adjudicated three other non-dispositive matters, the Motion to Disqualify Counsel Jewell Harris Jr. [ECF No.12], Plaintiff's Motion for Leave to Amend and Supplement Complaint [ECF No. 33], and Plaintiff's Motion to Strike [ECF No. 35]. This Opinion and Order does not encompass or disturb those rulings.

> objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

The Magistrate Judge recommends dismissal of this lawsuit because Judge Dimitrijevic is entitled to absolute judicial immunity, Sheriff Martinez is protected by sovereign immunity, and the events spurring suit trigger the *Rooker-Feldman* doctrine. The Court reviews de novo each basis in turn.[2] 28 U.S.C. § 636(b)(1)(C).

### A.    Judge Dimitrijevic's Judicial Immunity

Judge Dimitrijevic, the judicial official invoking the defense of absolute immunity, carries the burden of showing it applies here. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing cases). Judicial immunity shields a judge from suit, not just from liability for damages, and encompasses any actions taken in the judge's official judicial capacity, meaning actions that are non-ministerial and involve the exercise of discretionary judicial decision-making or implicate a judge's role as a judge. *Dawson v. Newman*, 419 F.3d 656, 660–62 (7th Cir. 2005). Judge Dimitrijevic's issuance of an order directing the Sheriff to execute an order of possession resulting from a judgment in which Judge Dimitrijevic found the Plaintiff lacked ownership of the property he sued to gain control over is certainly a judicial action taken in her capacity as a small claims court judge.

---

[2] Magistrate Judge Martin further noted Defendant Sheriff Martinez argued the Plaintiff could not raise these claims because he was not the proper party in interest. Rep. & Recommendation 4, ECF No. 17. The Court agrees with Defendant Sheriff Martinez's position in his Motion to Dismiss that, curing this potential defect would be futile as the Plaintiff is otherwise barred from asserting this suit for the reasons discussed in this Opinion. The Court accordingly does not delve into the merits of this issue.

Such actions receive substantial protection: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

In *Stump*, a plaintiff sued an Indiana trial judge after he approved her mother's petition to sterilize the then 15-year-old plaintiff on the same day the petition was submitted, without a hearing, and without any explicit statutory grant of authority. *Id.* at 351–58. What the judge did have "[a]s an Indiana Circuit Court Judge, . . .[was] 'original exclusive jurisdiction in all cases at law and in equity whatsoever . . . ,' jurisdiction over the settlement of estates and over guardianships, appellate jurisdiction as conferred by law, and jurisdiction over 'all other causes, matters and proceedings where exclusive jurisdiction thereof is not conferred by law upon some other court, board or officer.'" 435 U.S. at 357 (quoting Ind. Code § 33-4-4-3 (1975)). On appeal, the United States Supreme Court reversed the Seventh Circuit's decision and held the trial judge was entitled to absolute judicial immunity, stating that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 357–59.

The *Stump* ruling bars the Plaintiff's suit against Judge Dimitrijevic here. Though the Plaintiff attempts to make much of the fact that the Indiana Court of Appeals on review ultimately found that the small claims court lacked jurisdiction to issue the order, that finding did not decide whether Judge Dimitrijevic acted in the "clear absence of all jurisdiction" for purposes of absolute judicial immunity, as the Plaintiff seems to argue. The jurisdiction of the

4

Indiana small claims court where the Plaintiff filed suit was limited to "(1) [c]ivil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000) . . . . (2) Possessory actions between landlord and tenant in which the rent due at the time of the action is filed does not exceed six thousand dollars ($6,000). (3) Emergency possessory actions between a landlord and tenant under IC 32-31-6." Ind. Code § 33-29-2-4 (2019).[3] Though the Indiana Court of Appeals held that the small claims court's exercise of jurisdiction was ultimately in error because there existed no landlord-tenant relationship between the parties as was required by Indiana Code § 33-29-2-4, *see* Pl. Ex. 1 ¶ 7, this error was, at most, a "grave procedural error" that came well within the parameters of *Stump*. Judge Dimitrijevic is entitled to absolute judicial immunity, as Judge Martin found.

**B.     Sheriff Martinez's Sovereign Immunity**

The Eleventh Amendment precludes the initiation of retrospective federal suits for damages against states and state officials acting in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Plaintiff specifically sues Sheriff Martinez for retrospective damages for his enforcement of Judge Dimitrijevic's order to vacate the premises; Sheriff Martinez is compelled by statute to carry out such orders. *See* Ind. Code § 36-2-13-5(a)(5) ("The sheriff shall: . . . serve all process directed to the sheriff from a court or the county executive."). Sheriff Martinez was, therefore, a state official acting in his official capacity. *See McCurdy v. Sheriff of Madison Cnty.*, 128 F.3d 1144, 1145 (7th Cir. 1997) ("[T]he sheriff was acting as the agent of the state court system, which is, of course, a part of the state for purposes of the Eleventh Amendment."). As Magistrate Judge Martin correctly found, Sheriff Martinez is accordingly entitled to sovereign immunity. *See Graham*, 473 U.S. at 169.

---

[3] This provision has been updated since the Plaintiff filed suit in small claims court; this language reflects the version in effect up to June 30, 2020.

C.     The *Rooker-Feldman* Doctrine

Magistrate Judge Martin last found the *Rooker-Feldman* doctrine barred the entire suit. Rep. & Recommendation 5–7. The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter jurisdiction to review claims challenging state court judgments, thereby preventing such courts from interfering with the state court's judicial process. *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Adjudicating a *Rooker-Feldman* doctrine issue involves a two-step analysis. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). First, a court must decide whether the injury alleged "either 'directly' challenge[s] a state court judgment or [is] 'inextricably intertwined with one.'" *Id*. (quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)). The Seventh Circuit has delineated the scope of the *Rooker-Feldman* doctrine as follows:

> It is "often difficult to distinguish" between situations in which the plaintiff is seeking to set aside a state court judgment and ones in which the claim is independent. To assist in this determination, we ask "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." If it is the former, then "the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional."

*Edwards*, 261 F.3d at 728–29 (internal citations omitted). The injury the Plaintiff's claims are based on is the Plaintiff's eviction—which was set into motion by Judge Dimitrijevic's order and executed by Sheriff Martinez—and the alleged damages resulting from a finding essential to Judge Dimitrijevic's judgment that GHA was the rightful legal owner of the property. In essence, the Plaintiff argues Judge Dimitrijevic lacked the jurisdiction to enter the order that was later reversed on appeal. The Plaintiff acknowledges that he raised such arguments before the small claims court, Compl. 2, and before the Indiana Court of Appeals, as that court cited that basis for reversing and remanding the small claims court judgment. Pl. Ex. 1 ¶ 7, ECF No. 1-1. The only

difference here is that the Plaintiff seeks different relief: damages resulting from an order Judge Dimitrijevic issued despite allegedly lacking jurisdiction. Because the Plaintiff already has two state court judgments that adjudicated the same arguments the Plaintiff advances, the Plaintiff "directly challenges" Judge Dimitrijevic's judgment, and the situation satisfies step one of the *Rooker-Feldman* analysis. The fact that the Plaintiff specifically raised the same arguments before two state courts also demonstrates that the situation satisfies the second step of the *Rooker-Feldman* analysis, which is concerned with whether the Plaintiff had a "reasonable opportunity" to raise the issues brought in federal court. *Andrade*, 9 F.4th at 950 (quoting *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017)).

Because the reasoning and outcome of Magistrate Judge Martin's Report and Recommendation are correct, the Court dismisses this case with prejudice.

## CONCLUSION

Therefore, the Court ACCEPTS Magistrate Judge Martin's Report and Recommendation [ECF No. 47], GRANTS the Defendants' Motions to Dismiss [ECF Nos. 15, 17], and DISMISSES this case with prejudice. As a result, the Court DENIES as moot the Plaintiff's Motion for Summary Judgment with Regard to Defendant Dimitrijevic [ECF No. 45].

So ORDERED on March 3, 2023.

    s/ Theresa L. Springmann  
    JUDGE THERESA L. SPRINGMANN  
    UNITED STATES DISTRICT COURT